Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 809 | **DATE** | 8/20/2003 |
| **CASE TITLE** | Stephens vs. City of Chicago et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due____ . Reply to answer brief due____ __.

(4) ☐ Ruling/Hearing on _____ set for _____ at ____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ __ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on ____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at __ ____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, defendant City of Chicago's motion for revision of court's 9/5/02 memorandum opinion and order [255-1] is granted. Therefore, our 9/5/02 order granting in part and denying in part summary judgment to the City should be revised to grant summary judgment on Stephens' Section 1981 claims against the City; his Title VII claims are still viable. Enter Memorandum Opinion and Order.

(11) ■   [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 7 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 21 2003 | 280 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/20/2003 | |
| | | 03 AUG 20 PM 2:47 | date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF7 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LESLEY STEPHENS, | ) | **DOCKETED** |
| Plaintiff, | ) | AUG 2 1 2003 |
| | ) | |
| | ) | No. 98 C 809 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Mag. Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On September 5, 2002, we issued an order granting in part and denying in part a motion for summary judgment filed by defendant City of Chicago ("City") in an employment discrimination case filed by Lesley Stephens. In our opinion, we granted summary judgment on Stephens' claim that the City violated his rights under 42 U.S.C. § 1983 because he failed to demonstrate that the alleged deprivation of his constitutional rights occurred pursuant to an official municipal custom or policy. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). At the same time, we denied summary judgment on some of Stephens' claims brought pursuant to 42 U.S.C. § 1981 and 2000e *et.seq.* ("Title VII") which alleged, *inter alia*, that the City discriminated against him when it failed to award him any of the sixteen promotions for which he applied. Our reasoning focused on the questions of fact regarding the City's application of its promotion guidelines and process, and noted that the standards of proof for Title VII claims and Section 1981 claims are the same. *Johnson v. City of Fort Wayne, Indiana*, 91 F.3d 922, 940 (7th Cir. 1996). The City has asked that we revise our opinion to hold that because Stephens'



Section 1983 claims fail as a matter of law, he may not recover from the City under 42 U.S.C. § 1981 either.

Stephens objects to the defendant's motion on the ground that a plaintiff may have a cause of action against a municipal actor pursuant to Section 1981 that is wholly separate from a cause of action brought under Section 1983. *See, e.g. Fogarty v. City of Chicago*, No. 01 C 2157, 2002 WL 989452 (N.D.Ill., May 14, 2002). This may be true, but what *Fogarty* and the other cases interpreting Section 1981 and 1983 claims go on to explain is that even claims brought exclusively pursuant to Section 1981 must show that the deprivation of rights was brought about pursuant to a municipal custom or policy as defined by *Monell*. *See, Looper Maintenance Service, Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999). Since we found that Stephens did not demonstrate the existence of a municipal policy sufficient to maintain his Section 1983 claim against the City, he cannot maintain his Section 1981 claim either.

Stephens argues that the relevant inquiry for his Section 1981 claim is the fact that we found a question of fact regarding the City's fair application of its hiring and promotion procedures. The problem is that Stephens never alleged that the City had a policy or custom of failing to follow its own promotion procedures, and that this policy resulted in a violation of Stephens' rights under either Section 1981 or 1983. Instead, in his original brief, Stephens alleged municipal liability by complaining that the City had a custom of failing to address racist graffiti and complaints of race discrimination. And as we noted in our companion opinion issued today regarding Stephens' motion for reconsideration, he cannot now argue that the City also had a policy of failing to follow its promotion procedures; such a claim should have been made in his original briefs. Fed.R.Civ.P. 59(e);

*Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Therefore, our September 5, 2002 order granting in part and denying in part summary judgment to the City should be revised to grant summary judgment on Stephens' Section 1981 claims against the City; his Title VII claims are still viable. It is so ordered.

**ENTER:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: August 20, 2003**